IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40182

_____

CLAUDIA GONZALEZ,

Plaintiff-Appellant,

versus

WANDA GAINES, in her official capacity
as Financial Aid Officer of Panola
College; RICHARD W. RILEY, Secretary
of Education of the United States, in his
official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Eastern District of Texas
(9:92-CV-12)

_____

June 19, 1996

Before LAY[*], HIGGINBOTHAM, and STEWART, Circuit Judges.

PER CURIAM:[**]

Claudia Gonzalez appeals the district court's denial of her
application for attorneys' fees, costs, and expenses.  We affirm.

I.

_____

[*]Circuit Judge of the Eighth Circuit, sitting by designation.

[**]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

This appeal arises from an unusual sequence of events. In 1991, Claudia Gonzalez applied for federally funded financial aid to attend Panola College during the 1991-1992 school year, but her application was denied because she did not have INS documentation as required by the United States Department of Education regulation construing the alien eligibility provision of the Higher Education Act. See 20 U.S.C. § 1091(a)(5). In February 1992, Gonzalez sued Wanda Gaines, in her official capacity as Financial Aid Officer of Panola College, and the Secretary of Education of the United States in his official capacity.[1] Gonzalez challenged the denial of her application for federal financial aid and the Secretary's reading of 20 U.S.C. § 1091(a)(5), asserting claims under 42 U.S.C. § 1983 and the Administrative Procedure Act, 5 U.S.C. § 702.

The case was assigned to then-Chief Judge Robert M. Parker of the Eastern District of Texas. In July 1992, Gonzalez moved for a preliminary injunction requesting that the district court grant her financial aid for the 1992-1993 academic year. In August 1992, the defendants filed their opposition to her preliminary injunction request along with their motion for summary judgment. Later that month, the Department of Education was notified that Gonzalez had been accepted into the Family Unity Program, whereupon the parties entered a stipulation that she was eligible for federal financial

---

[1] Richard W. Riley was substituted for Alexander as the named federal defendant as a result of Riley's July 1993 replacement of Lamar Alexander as Secretary of Education.

aid for 1992-1993 as a result of her acceptance into that program. This stipulation mooted her request for a preliminary injunction.

Following the August stipulation, Gonzalez moved for leave to file a class complaint and for certification of that class. Her proposed amended complaint included additional challenges to the Secretary's interpretation and sought to extend the injunctive and monetary relief requested in the original complaint to "all persons rendered ineligible to receive federally-funded student financial aid" by the Secretary's regulatory interpretation.

In April 1993, then-Chief Judge Parker granted partial summary judgment for Gonzalez, holding that the Secretary's interpretation was "arbitrary, capricious and not in accordance with the law." In June 1993, he denied Gonzalez' motion for class certification. Gonzalez filed a motion requesting a memorandum opinion or findings of fact and conclusions of law on the issue of class certification. Secretary Riley's response to that motion included a cross-motion requesting that the district court issue a final judgment awarding Gonzalez' relief on her individual claims and dismissing the case with prejudice. Gaines did not join Riley's cross-motion.

In September 1993, then-Chief Judge Parker issued a final judgment ordering "that Defendant shall award Plaintiff the student financial aid she would have received had Defendant properly interpreted the provision at issue in this case." He also found "that Plaintiff is the prevailing party in this case" and ordered Gonzalez "to submit evidence in affidavit form concerning her

3

costs, expenses and attorney's fees within (30) days of the entry of [the] order."  The order did not expressly specify whether the judgment ran against Gaines, Riley, or both.

On November 9, 1993, Gonzalez filed her motion seeking to recover attorneys' fees, costs, and expenses from Gaines pursuant to 42 U.S.C. § 1988 and from Riley pursuant to the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b) and 2412(d)(1)(A).  Thereafter, Riley filed his notice of appeal on November 17, 1993, and Gaines filed her notice of appeal on November 22.  On November 29, 1993, the parties moved jointly for a stay of consideration of Gonzalez' request for attorneys' fees pending the appeals.  On December 1, 1993, Gonzalez cross-appealed the denial of her motion for class certification.  On December 8, 1993, the district court granted the request for a stay of attorneys' fees proceedings pending appeal.

On December 20, 1993, Congress amended 20 U.S.C. § 1091(a)(5) to duplicate the language of the Department of Education regulation that Gonzalez had challenged.  Pub. L. No. 103-208 § 12(h)(15), 107 Stat. 2476, 2477.  All parties then moved to dismiss their appeals, and this court dismissed those appeals in March 1994.

In April 1994, Riley informed the district court that the parties' appeals had been withdrawn, thus leaving only the issue of Gonzalez' request for attorneys' fees.  By that time, then-Chief Judge Parker had been appointed to this court, and the case was assigned to Judge John Hannah, Jr.  In August 1994, Gaines filed her response opposing Gonzalez' request for attorneys' fees on the

4

ground that Gonzalez "was not held to be a prevailing party against Wanda Gaines/Panola College, and therefore cannot collect anything from the college." Later that month, Riley filed his opposition to attorneys' fees. Then, in September 1994, Gaines filed a motion to dismiss the case against her, insisting that the district court had "found that the plaintiff was the prevailing party against only one of the defendants, the federal government/Department of Education."

In November 1994, Judge Hannah held a hearing that included testimony from witnesses and oral argument on Gonzalez' request for attorneys' fees, costs, and expenses. In February 1995, Judge Hannah entered an order denying Gonzalez' request in its entirety. He held that attorneys' fees were not available from Gaines under 42 U.S.C. § 1988 or from Riley under 28 U.S.C. § 2412(b) because there was no action under color of state law. Judge Hannah further held that Gonzalez was not entitled to attorneys' fees from Riley pursuant to 28 U.S.C. § 2412(d)(1)(A) because he found the federal government's actions and litigating position to be "substantially justified" in light of the language and legislative history of the Higher Education Act, congressional acquiescence in the Secretary's interpretation, and subsequent congressional validation by way of technical amendment. In a separate order, he also denied as moot Gaines' motion to dismiss.

## II.

Gonzalez appeals the district court's denial of her request for attorneys' fees and costs from Gaines under 42 U.S.C. § 1988

5

and from Riley under 28 U.S.C. §§ 2412(b) and 2412(d)(1)(A).  We are persuaded that district court did not err in concluding that Gonzalez cannot recover attorneys' fees from either defendant.

With respect to Gaines, we interpret then-Chief Judge Parker's final judgment for Gonzalez as attaching liability only to Riley, not to the college.  The trial court's analysis indicates that the judgment of liability was on Gonzalez' APA claim, not her § 1983 claim.  Since the APA claim reaches only the federal government, the judgment for Gonzalez can run only against Riley.

With respect to Riley, we agree with the district court's conclusion that attorneys' fees are not available under 28 U.S.C. § 2412(b) because there was no action under color of state law. Since we are satisfied that the district court did not abuse its discretion in finding that the government's litigating position was "substantially justified,"[2] we also agree that attorneys' fees are not available under 28 U.S.C. § 2412(d)(1)(A).

AFFIRMED.

---

[2]A "district court's determination of whether the government's position was `substantially justified' is reviewed for abuse of discretion."  Perales v. Casillas, 950 F.2d 1066, 1072 (5th Cir. 1992) (relying on Pierce v. Underwood, 487 U.S. 552, 562 (1988)). "Substantially justified" means "`justified in substance or in the main' — that is, justified to a degree that could satisfy a reasonable person."  Underwood, 487 U.S. at 565.